An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN EDWARD WHITE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64503

**FILED**

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant Steven Edward White contends that the State committed prosecutorial misconduct during his trial that requires the reversal of his conviction. "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (footnotes omitted). Where, as here, appellant failed to object to the alleged improper conduct we review for plain error. *Id.* at 1190, 196 P.3d at 477. "Under that standard, an error that is plain from a review of the record does not require reversal unless the [appellant] demonstrates that the error affected his or her substantial rights, by causing actual

14-31109

prejudice or a miscarriage of justice." *Id.* (internal quotation marks omitted).

First, White contends that the State committed misconduct during its cross-examination of him by (1) continually commenting on his "ancillary actions" prior to the shooting, (2) commenting on his failure to show remorse, (3) using inflammatory language, and (4) portraying him as a bad person. Having reviewed the questions and answers cited by White as examples of this kind of prosecutorial misconduct, we conclude that it is not plain or clear from the record that the State's cross-examination was improper. Therefore, White has not demonstrated plain error.

Second, White contends that the State committed misconduct by using leading questions during direct examination of a witness and the district court erred by failing to limit the leading questions sua sponte. *See* NRS 50.115(3)(a). We conclude that any prejudice that may have resulted from the leading questions did not rise to the level of affecting White's substantial rights. Therefore, White is not entitled to the reversal of his conviction based on the State's examination of this witness.

Third, White contends that cumulative error requires the reversal of his conviction. One error, however, cannot cumulate. *See State v. Perry,* 245 P.3d 961, 982 (Idaho 2010); *United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir. 2000); *Hoxsie v. Kerby,* 108 F.3d 1239, 1245 (10th Cir. 1997).

Having considered White's contentions and concluded that he is not entitled to relief, we[1]

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                               Cherry

cc:   Hon. Jennifer P. Togliatti, District Judge
      Patti, Sgro & Lewis
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[1]The fast track statement fails to comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not contain 1-inch margins on all four sides. Counsel is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).